PEOPLE v. CHIN YUEN et al.

Cr. No. 1126; July 26, 1904.

77 Pac. 954.

Robbery—Perpetrators — Accomplices — Instructions.—Though Penal Code, section 31, makes accomplices principals, they are not "perpetrators," so that, on a prosecution for robbery of two of the five persons present when the crime was committed, a requested instruction that the jury must be satisfied of the identity of defendants as the perpetrators is properly refused, as misleading, in ignoring the fact that they may have been accomplices.

APPEAL from Superior Court, City and County of San Francisco; Carroll Cook, Judge.

Chin Yuen and Yee Hung were convicted of robbery, and appeal. Affirmed.

A. S. Newburgh for appellants; U. S. Webb, attorney general, C. N. Post, assistant attorney general, and Lewis F. Byington, district attorney, for the people.

SMITH, C.—The defendants were convicted of the crime of robbery, and appeal from the judgment, and from an order of the court denying their motion for new trial.

The crime was committed upon the person and in the room of Lai Sin, a Chinese woman. The defendants were two of five Chinamen present when the crime was committed. The only point made by the appellants' counsel is that the court erred in refusing to give the following instruction: ''I instruct that in order to justify a conviction of these defendants, or either of them, you must be satisfied beyond a reasonable doubt of the existence of every fact necessary to constitute the crime of robbery, and *of identity of the defendants, or either of them, as the perpetrators or perpetrator.* The evidence in a criminal case must satisfy the jury to a moral certainty and beyond a reasonable doubt—that is, must entirely satisfy the jury of the guilt of the defendants—before they can convict. If the jury are not entirely satisfied, they should acquit.'' This instruction was refused by the court on the ground, in effect, that, in the passage italicized, it ignored the fact that the defendants may have been guilty as accomplices, and was misleading. Otherwise the instruction was covered by the charge of the court. The argument of appellants' counsel is that by the statute ''all persons concerned in the commission of a crime . . . . whether they directly commit the act constituting the offense, or aid and abet in its commission,'' etc. ''. . . . are principals'': Pen. Code, sec. 31. And hence, it is argued, ''as a logical conclusion, an accomplice is likewise a perpetrator.'' But this is contrary to the plain meaning of the term—not to the crime, but to the act constituting it, which is to be understood as referring to the act constituting the principal crime. Nor has the meaning of the term been

in any way affected by the statutory provision. There was no error in the ruling of the court.

We advise that the judgment and order appealed from be affirmed.

We concur: Harrison, C.; Gray, C.

VAN DYKE, J.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

ANGELLOTTI, J.—I concur in the judgment. In my opinion, the requested instruction discussed in the opinion was substantially covered by the charge of the court.

SHAW, J.—I concur with Angellotti, J., and I also consider the instruction liable to mislead the jury, though not technically incorrect.